IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAURA J. MOORE, #924146             *
    Petitioner,
  v.                                 *   CIVIL ACTION NO. CCB-09-1703

MARYLAND CORRECTIONAL             *
  INSTITUTE FOR WOMEN (MCIW)
CAROLYN ATKINS, WARDEN              *
THE ATTORNEY GENERAL OF THE
  STATE OF MARYLAND               *
    Respondents.
                               ***

**MEMORANDUM**

On June 26, 2009, the court received for filing the instant 28 U.S.C. § 2254 Petition for habeas corpus relief raising a direct attack on petitioner's August 13, 2008 convictions in the Circuit Court for Frederick County on counts of possession and issuance of forged currency, theft, forgery and counterfeiting of private documents, issuance of a false document, making an image of currency, and making a false statement to an officer. Petitioner, who is confined at the Maryland Correctional Institution for Women in Jessup, refers the court to her attachments for purposes of identifying the grounds she wishes to raise.[1] The attachments seemingly raise the following grounds: (1) excessive punishment, disproportionate to the severity of the crime; (2) selective enforcement of state criminal statute by raising seventy-five counts in the criminal information; (3) lack of evidence supporting her counterfeiting sentences; (4) prosecutorial misconduct during summation; (5) failure to receive court-ordered medical treatment for cardiac, eye, kidney, and gynecology problems; and (6) perjured testimony of a state's expert witness.[2]  Paper No. 1.

---

[1] One of the attachments contains petitioner's pre-sentence investigative report. Paper No. 1 at Exhibit 10. It has been placed under seal.

[2] The petition was neither accompanied by the $5.00 habeas filing fee nor a motion to proceed *in forma pauperis*. Petitioner shall not be required to cure this deficiency.

Before a petitioner seeks federal habeas corpus relief, she must exhaust each claim presented to the federal court by first pursuing remedies available in the state court. 28 U.S.C. § 2254(b)(1)(A); *see Leonard v. Hammond*, 804 F.2d 838, 840 (4th Cir. 1986). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U. S. 838, 845 (1999). In Maryland, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *cf. Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994).

This exhaustion requirement is not a jurisdictional prerequisite to federal habeas corpus relief but rather a matter of comity. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973). The Supreme Court has interpreted § 2254(c) to require a state prisoner to present her claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure. *See O'Sullivan*, 526 U.S. at 845. This generally requires appealing state court decisions all the way to the state's highest court. *Id.* at 847.

Petitioner was sentenced in August of 2008 and acknowledges that her direct appeal remains pending before the Court of Special Appeals of Maryland. A hearing is tentatively set for February of 2010.[3] Paper No. 1 at 2-3. Moore appears to argue for a waiver of exhaustion requirements, claiming that the "justice system is slow, I believe my constitutional rights have been violated,

---

[3] A review of the Maryland court criminal docket confirms that petitioner's appeal remains pending. *See* attached docket at pgs. 29-30.

therefore my imprisonment is illegal and I should not have to wait for appeal, post conviction [sic] or any other state relief." *Id*. at 7.

A petitioner need not present claims to the state court if exhaustion is waived by the state, state court remedies are ineffective to protect the petitioner's rights, or there are no available state remedies. Petitioner here argues that state remedies are ineffective due to a dilatory state court appellate process. The undersigned, however, finds that circumstances here do not excuse non-exhaustion. *See Patterson v. Leehe*, 556 F.2d 1168, 1172 (4th Cir. 1977) (*per curiam*) (finding state court delay not to be sufficient to render exhaustion unnecessary). Petitioner's direct appeal was filed in the Court of Special Appeals of Maryland in August of 2008. It has been processed and is scheduled for a hearing. The fact that the appellate hearing is not scheduled until February of 2010 does not render the state court remedies ineffective. Petitioner has failed to demonstrate that the proffered timetable for review of her direct appeal constitutes an inordinate delay in state proceedings.

Accordingly, the court shall dismiss this petition without prejudice for the failure to exhaust state court remedies.[4] A separate order shall be entered reflecting this decision.

Date:   July 16, 2009                                /s/
                                                    Catherine C. Blake
                                                    United States District Judge

---

[4] Petitioner contends that she is not receiving court-ordered medical treatment for a heart blockage, lumps in her left breast, keratoconus of her right eye, kidney stones, a mass on her right kidney, and follow-up care for a hysterectomy and menopause. As this allegation does not directly attack petitioner's conviction and sounds more like a civil rights claim, the Clerk shall provide her a 42 U.S.C. § 1983 civil rights form packet. Petitioner may use the form if she wishes to file an action in this court alleging denial of healthcare by prison staff.